UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALICE STAFFORD,
Plaintiff-Appellant,

v.

THE RADFORD COMMUNITY HOSPITAL,
INCORPORATED, d/b/a Radford
Community Hospital; CARILION
HEALTH SYSTEM,                                              No. 96-1186
Defendants-Appellees,

and

VHA, INCORPORATED, formerly
known as Voluntary Hospitals of
America, Inc.,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-94-1096-R)

Argued: May 7, 1997

Decided: July 30, 1997

Before MURNAGHAN and MOTZ, Circuit Judges, and
STAMP, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Helen Jean Spence, BELLER & SPENCE, P.C., Christiansburg, Virginia, for Appellant. John Lester Cooley, Jr., WOOTEN & HART, P.C., Roanoke, Virginia, for Appellees. **ON BRIEF:** Katherine C. Londos, WOOTEN & HART, P.C., Roanoke, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alice Stafford appeals the district court's order granting defendants' motion for summary judgment. Stafford asserts that a genuine issue of fact existed concerning whether she was unlawfully terminated from her position at Radford Community Hospital because of her age and disability. Finding no reversible error, we affirm.

Stafford, a 50 year old female, worked for Radford Community Hospital in various nursing positions from 1966 until 1993. In 1991, Stafford injured her back and, thereafter, was limited to lifting no more than 35 pounds. Radford reassigned Stafford to nursing positions that accommodated her weight restrictions.

From September 1992 until July 1993, Stafford was assigned to the temporary task of completing a feasibility study for Radford's occupational health department. When that task was complete, Radford informed Stafford that she could apply for another position which could accommodate her weight restrictions. Stafford unsuccessfully applied for the only available position, IV therapy nurse, which was filled by a younger nurse. In August 1993, Stafford stopped working due to her back injury, and in November 1993, Stafford received notice of her discharge.

Stafford then applied for long term disability benefits stating that her back injury was permanent and that she was terminated from her job due to her weight lifting restrictions. In support of her disability application, Stafford's physician stated that Stafford had continued lower back pain, could not lift, could not return to work, could not perform any work duties and could not function as a nurse. Additionally, Stafford's physician stated that no job modifications would permit Stafford to return to work. Based upon this information, Stafford received long term disability benefits. Stafford later discovered that a substantially younger person had been hired to fill the position of occupational health nurse at Radford.

Stafford asserted that because Radford hired younger persons to fill the positions of IV therapy nurse and occupational health nurse, Radford unlawfully discriminated against Stafford because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 - 634 (1990 & Supp. 1997). Stafford further asserted that she was discharged due to her weight restrictions in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 - 12213 (Supp. 1997), the Rehabilitation Act of 1991, 29 U.S.C. §§ 701 - 796i (1990 & Supp. 1997), and Virginians with Disabilities Act ("VDA"), Va. Code §§ 51.5-40 - 46 (1997). The district court granted defendants' motion for summary judgment on Stafford's ADEA, ADA, Rehabilitation Act and VDA claims.

Summary judgment is appropriate where there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (italics in original); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). The appellate court reviews a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In this case, we find that the district court properly granted the defendants' motion.

In order to establish a prima facie case of discriminatory discharge

3

under the ADA, Rehabilitation Act and VDA,* a plaintiff must prove that (1) she has a "disability;" (2) she is a "qualified individual;" and (3) "in discharg[ing]" her, her employer "discriminate[d] against [her] because of [her] disability." <u>Martinson v. Kinney Shoe Corp.</u>, 104 F.3d 683, 686 (4th Cir. 1997) (quoting 42 U.S.C.§ 12112(a) (Supp. 1997)); <u>see also Doe v. University of Maryland Med. Sys. Corp.</u>, 50 F.3d 1261, 1264-65 (4th Cir. 1995). To determine if Stafford was a "qualified individual," the court must decide "(1) whether she could `perform the essential functions of the job['] . . . and (2) if not, whether `any reasonable accommodation by the employer would enable [her] to perform those functions.'" <u>Tyndall v. National Educ. Centers, Inc. of Cal.</u>, 31 F.3d 209, 213 (4th Cir. 1994) (citing <u>Chandler v. City of Dallas</u>, 2 F.3d 1385, 1393-94 (5th Cir.), <u>rehrg. denied</u>, 9 F.3d 105 (5th Cir. 1993), <u>cert. denied</u>, 511 U.S. 1011 (1994)); <u>see also</u> 42 U.S.C. § 12111(8) (Supp. 1997) (ADA plaintiff must demonstrate that "with or without reasonable accommodation [she] can perform the essential functions of the employment position").

We agree with the district court and conclude that Stafford was not qualified to perform the essential functions of the occupational health nurse position even with a reasonable accommodation. The undisputed facts establish that the "essential functions" of an occupational health nurse included lifting equipment and supplies and maintaining competency in the use of emergency equipment and supplies. However, Stafford's physician indicated that Stafford's back injury was permanent, that she could not perform any work duties, that she could not function as a nurse and that no job modifications would permit her to return to a nursing position. Accordingly, we agree with the district court that Stafford's limitations were so severe that she could not per-

_____

*As noted by the district court, the standards for establishing ADA and Rehabilitation Act claims are the same. <u>See</u> 42 U.S.C. § 12117(b) (Supp. 1997) (expressly requiring that the provisions of the ADA be interpreted in a way that "prevents imposition of inconsistent or conflicting standards for the same requirements [under] the Rehabilitation Act of 1973"). Further, "[t]he VDA standards for liability follow the standards established in the federal Rehabilitation Act of 1973 and adopted in the ADA." <u>Tyndall v. Nat'l Educ. Centers, Inc. of Cal.</u>, 31 F.3d 209, 216 (4th Cir. 1994).

form the essential functions of the occupational health nurse position and that no reasonable accommodation would permit Stafford to perform those essential functions.

In order to establish a prima facie case of unlawful age discrimination, a plaintiff must show that "(1) [s]he was in the protected age group; (2) [s]he was discharged; (3) at the time of the discharge, [s]he was performing [her] job at a level that met[her] employer's legitimate expectations; and (4) following the discharge,[s]he was replaced by an individual of comparable qualifications outside the protected class." Mitchell v. Data Gen. Corp. , 12 F.3d 1310, 1315 (4th Cir. 1993). Once the plaintiff sets forth a prima facie case of discrimination, the burden of articulating a legitimate, nondiscriminatory explanation for the adverse employment decision shifts to the defendant. Id. at 1314-15. If the defendant articulates a legitimate, nondiscriminatory explanation for the termination, the presumption of discrimination drops from the case and the plaintiff bears the ultimate burden of proving that the defendant intentionally discriminated against the plaintiff. Id. at 1315.

The district court found that the undisputed facts established that at the time of her discharge Stafford was not performing her job at a level that met Radford's legitimate expectations. We agree with that conclusion. Stafford stopped working at Radford on August 9, 1993 --more than three months before her discharge--because of a back injury that her physician found was permanent and kept her from performing any nursing duties. Thus, we find that Stafford failed to show that she was performing her job at her employer's legitimate expectations at the time of her discharge.

Even if Stafford established a prima facie case of age discrimination, we conclude that she failed to meet her burden of producing evidence to show that Radford's reason for terminating her was pretextual. In the termination letter, Radford informed Stafford that there were no positions available that met her job requirements. Stafford has come forth with no evidence to contradict the reason given for her termination. Accordingly, we find that Stafford has failed to create an issue of material fact on her age discrimination claim.

Because no genuine issue of material fact exists as to Stafford's ADA, Rehabilitation Act, VDA, and ADEA claims, we affirm the

5

summary judgment entered by the district court in favor of defendants.

<u>AFFIRMED</u>

6